# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JULIE BOULANGER,

      Plaintiff,

vs.                                                                                    No. CIV 21-0315 JB/JHR

MARRIOTT INTERNATIONAL, INC., A
foreign corporation; FARMINGTON HOTEL
ASSETS, LLC, a domestic limited liability
company, d/b/a COURTYARD BY
MARRIOTT, and GALAXY HOTELS
GROUP, a foreign corporation,

      Defendants.

## **MEMORANDUM OPINION**[1]

**THIS MATTER** comes before the Court on Defendants Marriott International, Inc. and

Farmington Hotel Assets, LLC's Motion to Dismiss-Subject Matter Jurisdiction and Failure to

State a Claim, filed May 13, 2021 (Doc. 10)("MTD").  The Court held a hearing on the MTD on

February 23, 2022.  See Clerk's Minutes at 1, filed February 23, 2022 (Doc. 31).  The Court entered

an Order granting the MTD on March 31, 2022.  See Order at 1, filed March 31, 2022 (Doc. 33).

The primary issues are: (i) whether Plaintiff Julie Boulanger's Complaint for Personal Injuries and

Lost Wages, filed April 8, 2021 (Doc. 1)("Complaint"), provides a short and plain statement of

the grounds for the Court's jurisdiction under rule 8 of the Federal Rules of Civil Procedure, Fed.

R. Civ. P. 8; and (ii) whether the parties are completely diverse in their citizenship so as to meet

---

[1]On March 31, 2022, the Court entered an Order granting Defendants Marriott
International, Inc. and Farmington Hotel Assets, LLC's Motion to Dismiss-Subject Matter
Jurisdiction and Failure to State a Claim, filed May 13, 2012 (Doc. 10).  See Order at 1-2, filed
March 31, 2022 (Doc. 33).  In the Order, the Court stated that it would "issue . . . a Memorandum
Opinion more fully detailing its rationale for this decision."  Order at 1 n.1.  This Memorandum
Opinion is the promised opinion.

the requirements for diversity jurisdiction as 28 U.S.C. § 1332 prescribes.  The Court concludes that: (i) Boulanger's Complaint does not provide sufficient information about the parties' diversity of citizenship to constitute a short and plain statement for the Court's jurisdiction; and (ii) even if the Complaint contained such information, that both Boulanger and Farmington Hotel share Florida citizenship destroys complete diversity.  The Court therefore will grant the MTD.

## FACTUAL BACKGROUND

The Court takes its facts from the Complaint, as it must at the motion-to-dismiss stage.  On or about April 30, 2018, Boulanger, a resident of Palm Beach County, Florida, was staying at the Courtyard Marriott in Farmington, New Mexico.  See Complaint ¶ 1, at 1; id. ¶ 9, at 2.  On that same day, Boulanger slipped on her hotel room's bathroom floor while attempting to enter the shower, suffering personal injuries.  See Complaint ¶12, at 2.  Her injuries caused her to suffer severe emotional and physical pain, and to incur medical expenses and lost wages.  See Complaint ¶¶ 14-15 at 2.

## PROCEDURAL BACKGROUND

Boulanger filed her Complaint on April 8, 2021.  See Complaint ¶¶ 1-15, at 1-3.  The Complaint alleges that the amount in controversy exceeds $75,000.00.  See Complaint ¶ 6, at 2.  Additionally, Boulanger alleges that she is a resident of Palm Beach County, Florida.  See Complaint ¶ 1, at 1.  Regarding the Defendants' citizenship, Boulanger alleges that: (i) Marriott International "is a foreign corporation authorized to do business and doing business in San Juan County, New Mexico," Complaint ¶ 2, at 1; and (ii) Farmington Hotel "was a domestic limited liability company, authorized to do business and did business in San Juan County, New Mexico,"

Complaint ¶ 3, at 1.[2]  She alleges that the Court has subject-matter jurisdiction over the case, because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00.  See Complaint ¶ 7, at 2.

On May 13, 2021, Marriott International and Farmington Hotel filed the MTD.  See MTD at 1-4.  Marriott International and Farmington Hotel move to dismiss Boulanger's Complaint for lack of subject-matter jurisdiction under rule 12(b)(1) of the Federal Rules of Civil Procedure.  See MTD at 2.  Marriott International and Farmington Hotel base their argument on the fact that Boulanger does not identify the location of incorporation and primary place of business of any of the two remaining corporate Defendants, which amounts to failing to specify their citizenship for diversity jurisdiction purposes.  See MTD at 3.  Marriott International and Farmington Hotel stress specifically the lack of any information regarding the citizenship of any members of Farmington Hotel, stating that, as an LLC, its citizenship for diversity jurisdiction purposes is synonymous with the citizenship of its members.  See MTD at 3.  Marriott International and Farmington Hotel argue that, as rule 8 requires a short and plain statement of the grounds for this Court' jurisdiction, a failure to allege facts pertaining to the citizenship of the defendants does not meet the requirements and so mandates dismissal.  See MTD at 3 (citing Brown v. Madhi, 482 F. Supp. 2d 1300 (D.N.M. 2007)(Johnson, J.)).

In the alternative, Marriott International and Farmington Hotel argue that the Court should dismiss Boulanger's Complaint under rule 12(b)(6) of the Federal Rules of Civil Procedure.  See MTD at 4.  Pointing again to rule 8, Marriott International and Farmington Hotel allege that Boulanger has not provided a "short and plaint statement of the claim showing that the pleader is

---

[2]Boulanger voluntarily dismissed Defendant Galaxy Hotels Group from the case on May 10, 2021.  See Rule 41 Dismissal of Defendant Galaxy Hotels Group at 1, filed May 10, 2021 (Doc. 7).

entitled to relief."  MTD at 4.  While Marriott International and Farmington Hotel acknowledge that Boulanger has alleged that the Defendants owed her some form of "duty," they argue that this is insufficient to meet rule 8's requirements without "factual allegations of ownership or control of the premises on behalf of any defendant that would give rise to liability."  MTD at 4.

On May 27, 2021, Boulanger responded to the MTD.  See Response to Motion to Dismiss, filed May 27, 2021 (Doc. 12)("Response").  In the Response, Boulanger asserts that the parties meet § 1332's complete-diversity-of-citizenship requirement.  See Response at 3-4.  She points out that the Complaint includes an allegation of damages over $75,000.00 and that the action is between citizens of different states, specifically, that she is a Florida "resident," that Marriott International is "not a citizen of New Mexico,"[3] and that Farmington Hotels is New Mexico citizen.  Response at 3-4.  Relying on the "nerve center" approach, Boulanger argues that complete diversity of citizenship is met when defining a corporate entity's citizenship by the location of its corporate headquarters.  Response at 3 n.2 (citing Hertz Corp. v. Friend, 559 U.S. 77 (2010)).  She concludes that the parties therefore are citizens of three different states, meeting the complete-diversity requirement.  See Response at 4.

Boulanger also contends that Marriott International's and Farmington Hotel's portrayal of rule 8 requirements is overly narrow and that alleged facts do not need specificity to create plausible grounds for a potential claim.  See Response at 1 (citing Gann v. Clime, 519 F.3d 1090, 1092 (10th Cir. 2008)(Kelly, J.)).  Boulanger continues that the description of Marriott International as a "foreign corporation" that is "authorized to do business . . . in New Mexico" is sufficient to establish that Marriott International is not a New Mexico citizen, and that the

---

[3]Boulanger asserts that, "[u]pon information and belief, Marriott International is a Maryland Corporation with a registered agent in Rho[d]e Island."  Response at 3 n.1.

description of Farmington Hotel as a "domestic corporation"[4] that is "authorized to do business . . . in New Mexico" is sufficient to establish that Farmington Hotel is a citizen of New Mexico.  Response at 4.  Boulanger admits that the Complaint does not include a specific pleading about Marriott International and Farmington Hotel's control and ownership over the hotel in which she sustained injuries.  See Response at 4.  Despite this admission, she argues that the other facts in the Complaint allow the Court to draw a plausible inference that the Defendants controlled and owned the hotel at issue, and that "[t]here is no reasonable basis by which Defendants can allege there is any failure under Federal Rules 8 and 12(b)(1) as to the matter at hand and the parties who are alleged to be responsible."  Response at 4.  Boulanger suggests alternatively that, if the Court "finds control and ownership of the hotel by Defendants is not apparent from Plaintiff's complaint," the appropriate remedy is to grant leave to amend the Complaint, rather than to dismiss it.  Response at 5.  Boulanger states that it is inappropriate to grant a motion to dismiss for lack of subject matter jurisdiction without making certain that jurisdiction cannot be shown with an amendment.  See Response at 2 (citing Truck Drivers & Helpers Loc. Union v. Grosshans & Petersons, Inc., 209 F. Supp. 164 (D. Kan. 1962)(Templar. J.)).

Marriott International and Farmington Hotel reply to Boulanger's Response.  See Reply to Response to Motion to Dismiss, filed June 7, 2021 (Doc. 15)("Reply").  In their Reply, Marriott International and Farmington Hotel rebut Boulanger's argument that describing the Defendants as a "foreign corporation" and "domestic corporation" is sufficient to meet rule 8's requirements. Reply at 2-3.  The Reply asserts that diversity jurisdiction is met when the parties are diverse in fact, and not just arguably diverse.  See Reply at 1.  Marriott International and Farmington Hotel

---

[4]Boulanger describes Farmington Hotel as a "domestic limited liability company" in her Complaint but characterizes Farmington Hotel as a "domestic corporation" in her Response. Compare Complaint ¶ 3, at 1, with Response at 4.

argue that, to meet this burden, Boulanger would need to describe the citizenship of all natural persons who are members of Farmington Hotel as a limited liability company, and recite either the place of incorporation or principal place of business of Marriott International as a corporate entity. See Reply at 2-3 (citing Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt., LLC, 692 F.3d 42, 49 (2d Cir. 2012)).  Marriott International and Farmington Hotel state that a failure to include the parties' citizenship in a complaint renders any claim of diversity jurisdiction void.  See Reply at 2 (citing Amerigold Logistics, LLC v. ConAgra Foods, Inc., 577 U.S. 378, 383-84 (2016)).  Marriott International and Farmington Hotel assert that, because Boulanger has not provided this information, she has not met the burden of establishing that the Court has jurisdiction over the case.  See Reply at 3-4.

The Court held a hearing on the MTD on February 23, 2022.  See Clerk's Minutes at 1. The Court asked Boulanger to confirm that she was a Florida citizen, to which she answered affirmatively that she was a Florida citizen who paid taxes and had a permanent residence there. See Draft Transcript of Hearing at 3:5-13 (taken February 23, 2022)(Court, Boulanger)("Tr.").[5] The Court proceeded to ask about Marriott International's citizenship.  See Tr. at 3:14-17 (Court). Although Marriott International and Farmington Hotel could not confirm Marriott International's State of incorporation or principal place of business, they confirmed that it was neither New Mexico nor Florida.  See Tr. at 3:14-4:2 (Court, Callaway).  The Court requested that Boulanger and Marriott International provide the Court with letters affirming Boulanger's individual citizenship, and Marriott International's corporate headquarters and nerve center.  See Tr. at 4:8-17 (Court).  The Court finally inquired about the citizenship of natural persons who are Farmington

_____

[5]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or call numbers.

Hotel's members and principals.  <u>See</u> Tr. at 4:18-23 (Court).  Marriott International and Farmington Hotel responded that, of the four currently living members, two reside in Florida, one resides in Colorado, and one resides in New Mexico, and that an additional deceased member also resided in Florida.[6]  <u>See</u> Tr. at 4:24-5:4 (Callaway).  The Court indicated that, on that basis, it likely lacks complete diversity and should grant the MTD.  <u>See</u> Tr. at 5:4-12 (Court).

Proceeding from the initial line of inquiry, the Court began hearing arguments.  <u>See</u> Tr. 5:12-14 (Court).  Marriott International and Farmington Hotel reiterated the arguments in their MTD and Reply and asserted that at least one of Farmington Hotel's members "hold[s] offices in other corporations with a listed address in Florida." Tr. at 5:23-6:3 (Callaway).  <u>See id.</u> at 5:14-6:4 (Callaway).  In response, Boulanger raised the possibility that she was "actually a resident of South Carolina or North Carolina" during the incident, but quickly confirmed that she "resided in Florida [and] was visiting New Mexico" at the time of accident.  Tr. at 6:8-14 (Weems); <u>id.</u> at 7:11-12 (Boulanger).  Boulanger noted that she did not know the members' residence when filing the Complaint, and that "we're not terribly concerned which court we're in front of but we are very concerned about the fact that we might be subject to a statute of limitation," and that she was concerned that she may have no other available forum in which to bring suit.  Tr. at 6:20-22 (Weems).  The Court stated that the facts, as presented, indicate that the case is between a Florida citizen and another Florida citizen, undermining any basis for diversity jurisdiction.  <u>See</u> Tr. 7:19-22 (Court).  Boulanger requested that the Court consider remanding the case to the State court instead of dismissing it.  <u>See</u> Tr. at 9:2-6 (Weems). The Court responded that this was not possible, as Boulanger brought the case in federal court originally and the Defendants had not removed it

---

[6]Marriott International and Farmington Hotel submitted an affidavit on March 31, 2022, confirming that three of Farmington Hotel's members or their successors in interest are Florida citizens.  <u>See</u> Affidavit at 1, filed March 31, 2022 (Doc. 32).

from State court.  <u>See</u> Tr. at 10:6-8 (Court).  Accordingly, the Court stated that it would have to

dismiss the case without prejudice.  <u>See</u> Tr. at 10:7-9 (Court).

## <u>LAW REGARDING RULE 8</u>

Rule 8 of the Federal Rules of Civil Procedure provides the general rules for pleading.  <u>See</u>

Fed. R. Civ. P. 8.  "'[A] failure to satisfy Rule 8 can supply a basis for dismissal: [Fed. R. Civ. P.]

41(b) specifically authorizes a district court to dismiss an action for failing to comply with any

aspect of the Federal Rules of Civil Procedure.'"  <u>Keller v. Comm'r, Soc. Sec. Admin.</u>, 748

F. App'x 192, 193 (10th Cir. 2018)(quoting <u>Nasious v. Two Unknown B.I.C.E. Agents</u>, 492 F.3d

1158, 1161 (10th Cir. 2007))(alterations in <u>Keller v. Comm'r, Soc. Sec. Admin.</u>, but not in <u>Nasious</u>

<u>v. Two Unknown B.I.C.E. Agents</u>).[7]  Rule 8(a)(1) requires that a plaintiff provide a "short plain

statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).  "[Rule 8(a)(1)] does

not require that a litigant cite the statute section conferring jurisdiction, as long as facts sufficient

to invoke the court's jurisdiction are alleged."  <u>Walden v. Bartlett</u>, 840 F.2d 771, 775 (10th Cir.

1988)(citing <u>Caldwell v. Miller</u>, 790 F.2d 589, 595 (7th Cir. 1986)).  A plaintiff is responsible for

---

[7]<u>Keller v. Comm'r, Soc. Sec. Admin.</u>, 748 F. App'x 192 (10th Cir. 2018), is an unpublished
opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is
persuasive in the case before it.  <u>See</u> 10th Cir. R. 32.1(A) ("Unpublished decisions are not
precedential, but may be cited for their persuasive value.").  The United States Court of Appeals
for the Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have
> generally determined that citation to unpublished opinions is not favored . . . .
> However, if an unpublished opinion or order and judgment has persuasive value
> with respect to a material issue in a case and would assist the court in its disposition,
> we allow a citation to that decision.

<u>United States v. Austin</u>, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that <u>Keller</u>
<u>v. Comm'r, Soc. Sec. Admin.</u>, <u>Dalton v. City of Las Vegas</u>, 282 F. App'x. 652 (10th Cir. 2008),
and <u>Asebedo v. Kan. State Univ.</u>, 559 F. App'x. 668 (10th Cir. 2014), have persuasive value with
respect to a material issue and will assist the Court in its disposition of this Memorandum Opinion.

ensuring that his or her complaint contains enough information "'to create some reasonable likelihood that the court is not about to hear a case it is not supposed to have the power to hear.'" Dalton v. City of Las Vegas, 282 F. App'x. 652, 657 (10th Cir. 2008)(quoting Gardner v. First Am. Title Ins. Co., 294 F.3d 991, 994 (8th Cir. 2002)).  A plaintiff must provide facts that affirmatively allege requirements for jurisdiction are met beyond what can be "established argumentatively or through mere inference."  Thomas v. Bd. of Trustees of Ohio State Univ., 195 U.S. 207, 218 (1904)(Harlan, J.).

A plaintiff additionally is responsible for providing a "short and plain statement showing that the pleader is entitled to relief".  Fed. R. Civ. P. 8(a)(2).  "Rule 8(a)'s mandate, that plaintiff provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' has been incorporated into . . . the . . . 12(b)(6) inquir[y]."[8]  United States ex rel. Lemmon v. Envirocare of Utah, Inc., 614 F.3d 1163, 1171 (10th Cir. 2010)(quoting Fed. R. Civ. P. 8(a)(2), and citing United States ex rel. Sikkenga v. Regence Blucross Blushield of Utah, 472 F.3d 702, 726-27 (10th Cir. 2006); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554-56 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 677-81 (2009)).  "'Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.'"  Negrete v. Mallof Distributing, LLC, No. CIV 06-0338 JB/LFG, 2007 WL 6364904, at *9 (D.N.M. November 14, 2007)(Browning, J.)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555 n.3).  A plaintiff must include enough "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678.  A plaintiff's complaint does not need to contain "detailed factual allegations," but must provide more than a "formulaic recitation of the elements."

---

[8]The Court discusses rule 8(a)(2)'s requirements in the motion-to-dismiss context in more depth in its section on rule 12(b)(6) below.

Bell Atl. Corp. v. Twombly, 550 U.S. at 555.  At minimum a plaintiff must "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d at 1163.  See Suttman-Villars v. Argon Med. Devs., Inc., 553 F. Supp. 3d 946, 955 (D.N.M. 2021)(Gonzales, J.)(citing Granado v. FNU LNU, No. 16-CV-00859-KG-SCY, 2016 WL 9819528, at *4 (D.N.M. October 25, 2016)(Gonzales, J.))(concluding that the plaintiff violated rule 8(a)(2) where the complaint did not give the defendant fair notice of the applicable claims and instead put the burden of identifying the plaintiff's claims on the defendants, because the complaint referred to "defendants" collectively); Estate of Gonzales v. AAA Life Ins. Co., No. CIV 11-0486 JB/WDS, 2012 WL 1132332, at *18 (D.N.M. March 28, 2012)(Browning, J.)(concluding that the plaintiff's complaint violated rule 8(a)(2) where the plaintiff asserted violations of the Unfair Insurance Practices Act, N.M.S.A §§ 59-A-16-1 to 59A-16-30, in general, but did not "attempt to set forth the elements of a specific statutory cause of action under the Unfair Insurance Practices Act, a lengthy statute with comprehensive insurance regulations that contains approximately thirty-six different statutory sections" and additional subsections).

## LAW REGARDING RULE 12(b)(1)

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution of the United States of America which have been entrusted to them under a jurisdictional grant by Congress."  Henry v. Off. of Thrift Supervision, 43 F.3d 507, 511 (10th Cir. 1994)(citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986); United States v. Nixon, 418 U.S. 683 (1974); Tafoya v. U.S. Dep't of Just., Law Enf't Assistance Admin., 748 F.2d 1389, 1390 (10th Cir. 1984)).  A plaintiff generally bears the burden

of demonstrating the court's jurisdiction to hear his or her claims.  See Steel Co. v. Citizens for a

Better Env't, 523 U.S. 83, 104 (1998)("[T]he party invoking federal jurisdiction bears the burden

of establishing its existence.").  Because "federal courts are courts of limited jurisdiction, we

presume no jurisdiction exists absent an adequate showing by the party invoking federal

jurisdiction."  U.S. ex rel. Hafter v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th

Cir. 1999).  Rule 12(b)(1) allows a party to raise, by motion, the defense of the court's "lack of

jurisdiction over the subject matter."  Fed. R. Civ. P. 12(b)(1).

The Tenth Circuit has held that motions to dismiss for lack of subject-matter jurisdiction

"generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's

allegations as to subject-matter jurisdiction; or (2) a challenge to the actual facts upon which

subject-matter jurisdiction is based."  Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002).

On a facial attack, a plaintiff enjoys safeguards similar to those provided in opposing a rule

12(b)(6) motion: the court must consider the complaint's allegations to be true.  See Ruiz v.

McDonnell, 299 F.3d at 1180; Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981).  When

the attack is factual, however,

> a district court may not presume the truthfulness of the complaint's factual
> allegations.  [*Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.
> 1990)].  A court has wide discretion to allow affidavits, other documents, and a
> limited evidentiary hearing to resolve disputed jurisdictional facts under Rule
> 12(b)(1).  *Id.*; *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir.)[("Wheeler")],
> *cert. denied*, 484 U.S. 986 . . . (1987).  In such instances, a court's reference to
> evidence outside the pleadings does not convert the motion to a Rule 56 motion.
> *Wheeler*, 825 F.2d at 259 n.5.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).  See World Fuel Servs., Inc. v. Nambe

Pueblo Dev. Corp., 362 F. Supp. 3d 1021, 1086-87 (D.N.M. 2019)(Browning, J.); Alto Eldorado

Partners v. City of Santa Fe, No. CIV 08-0175 JB/ACT, 2009 WL 1312856, at *8-9 (D.N.M.

March 11, 2009)(Browning, J.), aff'd on other grounds by 634 F.3d 1170 (10th Cir. 2011).  The

United States Court of Appeals for the Fifth Circuit has stated:

> "[T]he trial court may proceed as it never could under 12(b)(6) or
> Fed. R. Civ. P. 56.  Because at issue in a factual 12(b)(1) motion is the trial court's
> jurisdiction -- its very power to hear the case -- there is substantial authority that
> the trial court is free to weigh the evidence and satisfy itself as to the existence of
> its power to hear the case.  In short, no presumptive truthfulness attaches to
> plaintiff's allegations, and the existence of disputed material facts will not preclude
> the trial court from evaluating for itself the merits of jurisdictional claims."

Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir. 1981)(quoting Mortensen v. First Fed. Sav.

& Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

When making a rule 12(b)(1) motion, a party may go beyond a complaint's allegations to

challenge the facts upon which jurisdiction depends, and may do so by relying on affidavits or

other evidence properly before the court.  See New Mexicans for Bill Richardson v. Gonzales, 64

F.3d 1495, 1499 (10th Cir. 1995); Holt v. United States, 46 F.3d at 1003.  In those instances, a

court's reference to evidence outside the pleadings does not convert necessarily the motion to a

rule 56 motion for summary judgment.  See Holt v. United States, 46 F.3d at 1003 (citing Wheeler

v. Hurdman, 825 F.2d at 259 n.5).  Where the Court determines, however, that jurisdictional issues

which a rule 12(b)(1) motion raises are intertwined with the case's merits, the Court should resolve

the motion under either rule 12(b)(6) or rule 56.  See Franklin Sav. Corp. v. United States, 180

F.3d 1124, 1129 (10th Cir. 1999); Tippett v. United States, 108 F.3d 1194, 1196 (10th Cir. 1997).

"When deciding whether jurisdiction is intertwined with the merits of a particular dispute, 'the

underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect

of the substantive claim.'"  Davis ex rel. Davis v. United States, 343 F.3d 1282, 1296 (10th Cir.

2003)(quoting Sizova v. Nat'l Inst. of Standards & Tech., 282 F.3d 1320, 1324 (10th Cir. 2002)).

"When subject-matter jurisdiction is dependent upon the same statute which provides the

substantive claim in the case, the jurisdictional claim and the merits are considered to be intertwined." Garcia v. United States, No. CIV 08-0295 JB/WDS, 2009 WL 1300938, at *9 (D.N.M. March 30, 2009)(Browning, J.)(citing Wheeler v. Hurdman, 825 F.2d at 259; Holt v. United States, 46 F.3d at 1003).

## LAW REGARDING DIVERSITY JURISDICTION

"Subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity among the parties; and (ii) that 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'"[9] Thompson v. Intel Corp., No. CIV 12-0620 JB/LFG, 2012 WL

---

[9]The Constitution permits -- but does not mandate -- Congress to authorize an even broader scope of federal subject-matter jurisdiction than Congress has chosen to enact: "The judicial power shall extend to all cases, in law and equity, . . . between citizens of different states." U.S. Const. art. III, § 2, cl. 1. This clause permits federal jurisdiction: (i) in cases with minimum diversity -- those in which any one party is a citizen of a different state than any opposing party -- in addition to cases with complete diversity; and (ii) in cases in which the amount in controversy is below the statutory amount-in-controversy requirement. See State Farm Fire & Cas. v. Tashire, 386 U.S. 523 (1967).

For the federal courts to have jurisdiction over a matter, however, jurisdiction must be both constitutionally empowered and congressionally authorized. The Honorable John J. Sirica, then-Chief United States District Judge for the District of Columbia, has stated:

> For the federal courts, jurisdiction is not automatic and cannot be presumed. Thus, the presumption in each instance is that a federal court lacks jurisdiction until it can be shown that a specific grant of jurisdiction applies. Federal courts may exercise only that judicial power provided by the Constitution in Article III and conferred by Congress. All other judicial power or jurisdiction is reserved to the states. And although plaintiffs may urge otherwise, it seems settled that federal courts may assume only that portion of the Article III judicial power which Congress, by statute, entrusts to them. Simply stated, Congress may impart as much or as little of the judicial power as it deems appropriate and the Judiciary may not thereafter on its own motion recur to the Article III storehouse for additional jurisdiction. When it comes to jurisdiction of the federal courts, truly, to paraphrase the scripture, the Congress giveth, and the Congress taketh away.

Senate Select Comm. on Pres. Campaign Activities v. Nixon, 366 F. Supp. 51, 55 (D.D.C. 1973) (Sirica, C.J.)(footnotes omitted). The complete-diversity and amount-in-controversy requirements are two ways in which Congress has authorized a narrower scope of subject-matter jurisdiction than the full measure that the Constitution permits. Congress similarly has narrowed federal-

3860748, at *12 (D.N.M. August 27, 2012)(Browning, J.)(citing 28 U.S.C. § 1332(a)).   As the Court previously has explained, "[t]he Supreme Court of the United States has described this statutory diversity requirement as 'complete diversity,' and it is present only when no party on one side of a dispute shares citizenship with any party on the other side of a dispute." McEntire v. Kmart Corp., No. CIV 09-0567 JB/LAM, 2010 WL 553443, at *3 (D.N.M. February 9, 2010) (Browning, J.)(citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267-68 (1806), overruled in part by Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149 (1908); McPhail v. Deere & Co., 529 F.3d 947, 951 (10th Cir. 2008)).   The amount-in-controversy requirement is an "estimate of the amount that will be put at issue in the course of the litigation." Valdez v. Metro. Prop. & Cas. Ins. Co., No. CIV 11-0507 JB/KBM, 2012 WL 1132374, at *15 (D.N.M. March 19, 2012)(Browning, J.)(citing McPhail v. Deere & Co., 529 F.3d at 956). See Aguayo v. AMCO Ins. Co., 59 F. Supp. 3d 1225, 1240 (D.N.M. 2014)(Browning, J.); Payne v. Tri-State Careflight, 322 F.R.D. 647, 677 (D.N.M. 2017)(Browning, J.)(quoting Frederick v. Hartford Underwriters Ins. Co., 683 F.3d 1242, 1245 (10th Cir. 2012)).   The Court discusses the two requirements in turn.

---

question jurisdiction.   Congress may authorize federal "arising under" jurisdiction over all cases in which "the constitution[] forms an ingredient of the original cause" of action.   U.S. Const. art. III, § 2, cl. 1 ("The judicial power shall extend to all cases, in law and equity, arising under this Constitution . . . .").

> We think, then, that when a question to which the judicial power of the Union is extended by the constitution, forms an ingredient of the original cause, it is in the power of Congress to give the Circuit Courts jurisdiction of that cause, although other questions of fact or of law may be involved in it.

Osborn v. Bank of U.S., 22 U.S. 738, 822 (1824)(Marshal, C.J.).   The federal-question jurisdiction statute, however, requires that a substantial, actually disputed question of federal law be present on the face of the well-pleaded complaint, and that its resolution be necessary to the disposition of the claim over which jurisdiction is being asserted.   See 28 U.S.C. § 1331; Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005); Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 154 (1908).

1.      __Diversity of Citizenship__.

For diversity jurisdiction purposes, a person's domicile determines citizenship.  <u>See</u> <u>Crowley v. Glaze</u>, 710 F.2d 676, 678 (10th Cir. 1983).  "A person's domicile is defined as the place in which the party has a residence in fact and an intent to remain indefinitely, as of the time of the filing of the lawsuit." <u>McEntire v. Kmart Corp.</u>, 2010 WL 553443, at *3 (citing <u>Crowley v. Glaze</u>, 710 F.2d at 678).  <u>See</u> <u>Freeport-McMoRan, Inc. v. KN Energy, Inc.</u>, 498 U.S. 426, 428 (1991)("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.").  If neither a person's residence nor the location where the person has an intent to remain can be established, the person's domicile is that of his or her parents at the time of the person's birth.  <u>See</u> <u>Gates v. Comm'r of Internal Revenue</u>, 199 F.2d 291, 294 (10th Cir. 1952)("[T]he law assigns to every child at its birth a domicile of origin.  The domicile of origin which the law attributes to an individual is the domicile of his parents.  It continues until another domicile is lawfully acquired.").  Additionally, "while residence and citizenship are not the same, a person's place of residence is prima facie evidence of his or her citizenship." <u>McEntire v. Kmart Corp.</u>, 2010 WL 553443, at *3 (citing <u>State Farm Mut. Auto. Ins. Co. v. Dyer</u>, 19 F.3d 514, 520 (10th Cir. 1994)).  A corporation, on the other hand, is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." <u>Gadlin v. Sybron Int'l Corp.</u>, 222 F.3d 797, 799 (10th Cir. 2000)(quoting 28 U.S.C. § 1332(c)(1)).  The Tenth Circuit has adopted "the following rule for determining the citizenship of a non-corporate artificial entity," such as limited partnerships and limited liability companies: "'diversity jurisdiction in a suit by or against the [artificial] entity depends on the citizenship of all the members, the several persons composing such association, each of its members.'" <u>Conagra Foods, Inc. v. Americold Logistics, LLC</u>, 776 F.3d 1175, 1180

(10th Cir. 2015)(quoting Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990)).  See Zufelt v. Isuzu Motors Am., LLC, 727 F. Supp. 2d 1117, 1127 (D.N.M. 2009)(Browning, J.)(citing Carden v. Arkoma Assocs., 494 U.S. at 195); Two Old Hippies, LLC v. Catch the Bus, LLC, 784 F. Supp. 2d 1221, 1229 (D.N.M. 2011)(Browning, J.)(quoting Wise v. Wachovia Securities, LLC, 450 F.3d 265, 287 (7th Cir. 2006)(Posner, J.)); Lenon v. St. Paul Mercury Ins. Co., 136 F.3d 1365, 1371 (10th Cir. 1998); Siloam Springs Hotel, LLC v. Century Sur. Co., 781 F.3d 1233, 1234 (10th Cir. 2015)("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members.")(citing Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419-20 (3d Cir. 2010); ConAgra Foods, Inc. v. Americold Logistics, LLC, 776 F.3d at 1180).

### 2.  **Amount in Controversy.**

The statutory amount-in-controversy requirement, which presently stands at $75,000.00, must be satisfied as between a single plaintiff and a single defendant for a federal district court to have original jurisdiction over the dispute: "a plaintiff cannot aggregate independent claims against multiple defendants to satisfy the amount-in-controversy requirement," nor can multiple plaintiffs aggregate their claims against a single defendant to exceed the threshold.  Martinez v. Martinez, No. CIV 09-0281 JB/KBM, 2010 WL 1608884, at *18 (D.N.M. March 30, 2010)(Browning, J.). If multiple defendants are jointly liable, or jointly and severally liable, on some of the claims, however, the amounts of those claims may be aggregated to satisfy the amount-in-controversy requirement as to all defendants jointly liable for the claims.  See Alberty v. W. Sur. Co., 249 F.2d 537, 538 (10th Cir. 1957); Martinez v. Martinez, 2010 WL 1608884, at *18.  Similarly, multiple plaintiffs may aggregate their claims' amounts against a single defendant if the claims are not "separate and distinct."  Martin v. Franklin Cap. Corp., 251 F.3d 1284, 1292 (10th Cir.

2001)(Seymour, C.J.), abrogated on other grounds by Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81 (2014).  Multiple claims by the same plaintiff against the same defendant may be aggregated, even if the claims are entirely unrelated.  See 14AA Charles A. Wright, Arthur R. Miller, Edward H. Cooper, Vikram D. Amar, Richard D. Freer, Helen Hershkoff, Joan E. Steinman, & Catherine T. Struve, Federal Practice and Procedure, Jurisdiction § 3704, at 566-95 (4th ed. 2011).  While the rules on aggregation sound complicated, they are not in practice: if a single plaintiff -- regardless whether he or she is the only plaintiff who will share in the recovery -- can recover over $75,000.00 from a single defendant -- regardless whether the defendant has jointly liable co-defendants -- then the court has original jurisdiction over the dispute between that plaintiff and that defendant, assuming the parties also satisfy the diversity-of-citizenship requirement.  The Court then can exercise supplemental jurisdiction over other claims and parties that "form part of the same case or controversy under Article III," 28 U.S.C. § 1367(a), meaning that they "derive from a common nucleus or operative fact," United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

Satisfaction of the amount-in-controversy requirement must be established by a preponderance of the evidence.  See McPhail v. Deere & Co., 529 F.3d at 953.  In the context of establishing an amount-in-controversy, a defendant seeking removal could appear to be bound by a plaintiff's chosen amount of damages in the complaint, which would seem to allow a plaintiff to avoid federal jurisdiction "merely by declining to allege the jurisdictional amount."  McPhail v. Deere & Co., 529 F.3d at 955.  The Tenth Circuit's decision in McPhail v. Deere & Co. has foreclosed such an option from a plaintiff who wishes to remain in state court.  McPhail v. Deere & Co. holds that a defendant's burden in establishing jurisdictional facts is met if the defendant proves "jurisdictional facts that make it possible that $75,000 is in play."  529 F.3d at 955.

The Supreme Court recently clarified that a defendant seeking removal to federal court need only include in the notice of removal a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  See Dart Cherokee Basin Operating Co. v. Owen, 574 U.S. at 89.  The district court should consider outside evidence and find by a preponderance of the evidence whether the amount in controversy is satisfied "only when the plaintiff contests, or the court questions, the defendant's allegation."  Dart Cherokee Basin Operating Co. v. Owen,. 574 U.S. at 89.  See Swiech v. Fred Loya Ins. Co., 264 F. Supp. 3d 1113, 1135 (D.N.M. 2017)(Browning, J.)(concluding that the defendant's assertion on removal that the amount in controversy exceeded $75,000.00 was not plausible where the plaintiff previously had served the defendant with a demand letter requesting only $50,000.00).

## LAW REGARDING RULE 12(b)(6)

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(Brorby, J.).  The sufficiency of a complaint is a question of law, and, when considering a rule 12(b)(6) motion, a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)("[O]nly if a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss."); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)(Briscoe, J.)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in

the light most favorable to the plaintiff." (citing <u>Moore v. Guthrie</u>, 438 F.3d 1036, 1039 (10th Cir. 2006)(McKay, J.)).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678 (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 at 235-36 (3d ed. 2004)).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 570; <u>Mink v. Knox</u>, 613 F.3d 995, 1000 (10th Cir. 2010). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678 (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 556). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." <u>Ridge at Red Hawk, LLC v. Schneider</u>, 493 F.3d 1174, 1177 (10th Cir. 2007)(Kelly, J.)(emphasis in original). The Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." [<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S.] at [570]. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(McConnell, J.)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).

Although defendants generally must plead affirmative defenses in their answers, and not argue them on a motion to dismiss, see Fed. R. Civ. P. 8(c), there are exceptions.  First, a defendant can argue an affirmative defense on a motion to dismiss where the defendant asserts an immunity defense -- the courts handle these cases differently than other motions to dismiss.  See Robbins v. Oklahoma, 519 F.3d at 1247; Glover v. Gartman, 899 F. Supp. 2d 1115, 1137-39, 1141 (D.N.M. 2012)(Browning, J.)(citing Pearson v. Callahan, 555 U.S. 223 (2009)).  Second, the defendant can raise the defense on a motion to dismiss where the facts establishing the affirmative defense are apparent on the complaint's face.  See Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir. 1965)(Hill, J.)("Under Rule 12(b), a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim. If the defense appears plainly on the face of the complaint itself, the motion may be disposed of under this rule.").  The defense of limitations is the affirmative defense that the complaint's uncontroverted facts is most likely to establish.  See 5 C. Wright & A. Miller, Federal Practice & Procedure § 1277, at 643 (3d ed. 2004).  If a complaint sets forth dates that appear to fall outside of the statutory limitations period, then a defendant may move for dismissal under rule 12(b)(6).  See Rohner v. Union P. R. Co., 225 F.2d 272, 273-75 (10th Cir. 1955)(Wallace, J.); Gossard v. Gossard, 149 F.2d 111, 113 (10th Cir. 1945)(Phillips, J.); Andrew v. Schlumberger Tech. Co., 808 F. Supp. 2d 1288, 1292 (D.N.M. 2011)(Browning, J.).

A plaintiff may counter this motion with an assertion that a different statute of limitations or an equitable tolling doctrine applies to bring the suit within the statute.  The Tenth Circuit has not clarified whether this assertion must be pled with supporting facts in a complaint or may be

- 20 -

merely argued in response to the motion.[10]   Cf. Kincheloe v. Farmer, 214 F.2d 604 (7th Cir. 1954)(Major, J.)(holding that, once a plaintiff has pled facts in a complaint indicating that the statute of limitations is a complete or partial bar to an action, the plaintiff must plead facts establishing an exception to the affirmative defense).   It appears that, from case law in several Courts of Appeals, a plaintiff may avoid this problem altogether -- at least at the motion-to-dismiss stage -- by refraining from pleading specific or identifiable dates.  See Goodman v. Praxair, Inc., 494 F.3d 458, 465-66 (4th Cir. 2007)(Niemeyer, J.); Hollander v. Brown, 457 F.3d 688, 691 n.1 (7th Cir. 2006)(Ripple, J.).  Although the Tenth Circuit has not addressed this practice squarely, the Court has permitted this practice.  See Anderson Living Tr. v. WPX Energy Prod., LLC, 27 F. Supp. 3d 1188, 1207 (D.N.M. 2014)(Browning, J.).

## ANALYSIS

The Court concludes that Boulanger has not demonstrated by a preponderance of the evidence that the parties are completely diverse, and, therefore, the Court lacks subject-matter

---

[10]The Tenth Circuit views a claim based on a statute of limitations as an "affirmative defense," which "[a] plaintiff need not anticipate in the complaint" as "it is the defendant's burden to plead an affirmative defense." Fernandez v. Clean House, LLC, 883 F.3d 1296, 1298-99 (10th Cir. 2018)(citing Gomex v. Toledo, 446 U.S. 635, 640 (1980)). See United States v. Titterington, 374 F.3d 453, 456 (6th Cir. 2004)(citing United States v. Cook, 84 U.S. 168 (1872))("[T]he Supreme Court has held that a statute-of-limitations claim falls on the affirmative-defense side of the line."). The Plaintiffs are not required to "plead against affirmative defenses" and, accordingly, a motion to dismiss cannot be sustained on factors of an affirmative defense the plaintiff was not required to anticipate. Asebedo v. Kan. State Univ., 559 F. App'x. 668, 671-72 (10th Cir. 2014)(holding that a dismissal based on a plaintiff omitting a claim of reasonableness in his or her complaint is invalid when reasonableness is an element of an affirmative defense and thus not required in the complaint). Accordingly, "[t]he statute of limitations . . . is not at issue until it is raised," and "[o]nly then does it become incumbent upon the plaintiff to meet the allegations or face dismissal of [their] complaint." Cutsinger v. Cullinan, 72 Ill. App. 3d 527, 531-32 (Ill. App. 1979). The Court thus concludes that a plaintiff is not required to include facts to support an assertion that a different statute of limitations or an equitable tolling doctrine applies in their initial complaint as this would effectively be requiring the plaintiff to plead against an affirmative defense.

jurisdiction.  Accordingly, the Court will grant the MTD.  The Court's analysis begins with the

facts alleged in the Complaint.  Boulanger alleges in her Complaint an amount in controversy over

$75,000.00, and asserts that she differs in citizenship from both Marriott International and

Farmington Hotel.  See Complaint ¶ 7, at 2.  Her argument rests on an assertion that Marriott

International is not a citizen of New Mexico, while Farmington Hotel is, and that this is sufficient

for diversity jurisdiction.  See Response at 3-4.  Boulanger bases this belief that both Marriott

International and Farmington Hotel are corporate entities whose "nexus" defines their citizenship.

Response at 3 n.2.  Boulanger misconstrues the standard for determining citizenship for an LLC

such as Farmington Hotel and does not allege facts relating to Farmington Hotel's members.

Accordingly, the Complaint's allegations are insufficient under rule 8 to establish subject-matter

jurisdiction.  Next the Court considers if the parties are diverse in fact.   As the facts uncovered at

the hearing reveal, Farmington Hotel shares Florida citizenship with Boulanger and the facts

therefore do not support a conclusion that the parties are completely diverse.

I.      **BOULANGER   HAS   NOT   ALLEGED   AFFIRMATIVELY   COMPLETE
        DIVERISITY IN THE COMPLAINT AS RULE 8 REQUIRES.**

        Boulanger bears the burden of demonstrating the Court's jurisdiction to hear her claims.

See Steel Co. v. Citizens for a Better Env't, 523 U.S. at 104.  To meet rule 8's requirements, she

must allege affirmatively that her case meets jurisdictional requirements beyond what can be

"established argumentatively or through mere inference."  Thomas v. Bd. of Trustees of Ohio State

Univ., 195 U.S. at 218.  Marriott International and Farmington Hotel contend that Boulanger has

not met rule 8's requirements, because she has not specified their State of citizenship in her

Complaint.  See MTD at 3.  Boulanger suggests that her identification of Marriott International as

a "foreign corporation" and Farmington Hotel as a "domestic corporation" is sufficiently specific

to create a reasonable likelihood that the Court is not about to hear a case that it is not supposed to have the power to hear.  Response at 3-4.

As the Court states above, at the motion-to-dismiss stage, the Court must consider the Complaint's allegations to be true.  See Ruiz v. McDonnell, 299 F.3d at 1180; Williamson v. Tucker, 645 F.2d at 412.  The allegations, taken to be true, must be "sufficient to invoke the court's jurisdiction."  Walden v. Bartlett, 840 F.2d 771, at 775.  Sufficient allegations provide a basis for jurisdiction that goes beyond what can be "established argumentatively or through mere inference."  Thomas v. Bd. of Trustees of Ohio State Univ., 195 U.S. at 218.

Applied here, those principles indicate that Boulanger has not met her burden under rule 8. Boulanger alleges that the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332.  See Complaint ¶ 7 at 1.  To invoke the Court's jurisdiction under this statute, there must be an amount in controversy over $75,000.00 and total diversity of citizenship between the parties.  See Thompson v. Intel Corp., 2012 WL 3860748, at *12.  Boulanger's allegations must establish clearly that there is no shared citizenship between the parties, and she must provide information that, when taken to be true, indicates that her citizenship differs from Marriott International's and Farmington Hotel's citizenship.  See McEntire v. Kmart Corp., 2010 WL 553443, at *3.  To affirmatively allege diversity of citizenship beyond a mere inference, Boulanger must allege facts which indicate the parties' citizenship based their individual, corporate, or other status.  See Gates v. Comm'r of Internal Revenue, 199 F.2d at 294; Gadlin v. Sybron Int'l Corp., 222 F.3d at 799; Conagra Foods, Inc. v. Americold Logistics, LLC, 776 F.3d at 1180.

The Court concludes that Boulanger's Complaint does not contain sufficient allegations of a basis for jurisdiction under 28 U.S.C. § 1332.  Boulanger identifies her State of residency, but does not allege facts that indicate beyond mere inference that Marriott International or Farmington

Hotel are diverse citizens.  See Complaint ¶¶ 1-3, at 1.  Boulanger's argument that identifying Marriott International as a "foreign corporation" and Farmington Hotel as a "domestic corporation" is sufficient misconstrues rule 8's requirements.  Complaint ¶¶ 2-3, at 1.  The allegation that Marriott International is foreign to the State of New Mexico is not an allegation that Marriott International differs in citizenship from Boulanger.  See Foreign Corporation, Black's Law Dictionary (11th ed. 2019)(defining "foreign corporation" as "[a] corporation that was organized and chartered under the laws of another state, government, or country <in Arizona, a California corporation is said to be a foreign corporation>").  Boulanger cannot assert that she is a citizen of a different state than Marriott International when she does not identify Marriott International's citizenship as a corporation.  To make such an assertion, the Complaint needs to provide information about Marriott International's State of incorporation or principal place of business, factors which define a corporate party's citizenship.  See Gadlin v. Sybron Int'l Corp., 222 F.3d at 799.  Marriott International could very well be a Florida citizen,[11] thereby destroying complete diversity with respect to Boulanger, and still be a foreign corporation in relation to New Mexico.  Boulanger's statement that Marriott International is a "foreign corporation," therefore, is not sufficient alone to create a likelihood that the Court can hear this case based on diversity jurisdiction.  Complaint ¶ 2 at 1.

---

[11]In her Response, Boulanger identifies that, "[u]pon information and belief, Marriott International is a Maryland Corporation."  Response at 3 n.1.  An identification of a corporate party's citizenship in a response to a motion to dismiss does not satisfy rule 8, because "a determination of the existence of diversity jurisdiction is made based on the allegations set forth in a complaint . . . ."  Nance v. Certain Underwriters at Lloyds, 393 F. Supp. 2d 1115, 1120 (D.N.M. 2005)(Browning, J.)(citing Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir. 1972)).

Similarly, Boulanger's allegation that Farmington Hotel is a "domestic limited liability company,"[12] which is "authorized to do business" in New Mexico does not meet rule 8's requirements.   Complaint ¶ 3, at 1.   To allege successfully that Farmington Hotel differs in citizenship from Boulanger, she must identify Farmington Hotel's State of citizenship by reference to all of its members' citizenship.   See Siloam Springs Hotel, LLC v. Century Sur. Co., 781 F.3d at 1234; Conagra Foods, Inc. v. Americold Logistics, LLC, 776 F.3d at 1180.   Boulanger's Complaint omits any information about the citizenship of any of Farmington Hotel's members. See Complaint ¶¶ 1-15, at 1-2.   Despite this omission, Boulanger argues that Farmington Hotel is a New Mexico citizen.   See Response at 4.   Boulanger's assertion that Farmington Hotel is a New Mexico citizen does not meet rule 8's requirements when she does not make additional factual allegations that are "sufficient to invoke the court's jurisdiction."   Walden v. Bartlett, 840 F.2d at 775 (citing Caldwell v. Miller, 790 F.2d at 595).   Even if the Court takes the Complaint's facts as true, Boulanger has not provided any information which the Court can use to ascertain that Farmington Hotel differs in citizenship from Boulanger.   Accordingly, the Court cannot determine from the Complaint that there is a likelihood that the case meets the complete diversity requirement.

## II.   EVEN ASSUMING THE COMPLAINT ALLEGES SUFFICIENT FACTS, THERE IS NOT COMPLETE DIVERSITY.

Even if Boulanger's Complaint satisfies rule 8's pleading requirements, the Complaint's facts reveal a lack of complete diversity between the parties.   A motion to dismiss under rule 12(b)(1) may go beyond the Complaint's allegations to challenge the facts upon which jurisdiction

---

[12]The Court analyses Farmington Hotel as a "domestic limited liability company" as that is what Boulanger alleged in the Complaint when she filed it.   Complaint ¶ 3 at 1.   See Nance v. Certain Underwriters at Lloyds, 393 F. Supp. 2d at 1120.

depends, and may do so by relying on affidavits or other evidence properly before the Court.  See
New Mexicans for Bill Richardson v. Gonzales, 64 F.3d at 1499.  For the Court to have jurisdiction
over a case brought under 28 USC § 1332(a), there must be complete diversity among the parties.
See Thompson v. Intel Corp., 2012 WL 3860748, at *12.

Here, Boulanger alleges that she is a Florida resident.  See Complaint ¶ 1, at 1.  Boulanger
confirmed that she was a Florida citizen at the hearing by acknowledging that she votes in Florida,
pays taxes in Florida, and considers herself to be a Florida citizen.  See Tr. at 3:10-13 (Court,
Boulanger).  Accordingly, complete diversity exists only if neither Marriott International nor
Farmington Hotel are Florida citizens.  See McEntire v. Kmart Corp., 2010 WL 553443, at *3.
That is not the case here, however, because Farmington Hotel shares Florida citizenship with
Boulanger.  See Complaint ¶ 1, at 1; Affidavit at 1; Tr. at 3:10-13 (Court, Boulanger); id. at 4:24-
5:4 (Callaway).  Farmington Hotel is a limited liability company, and its members' citizenships
determine its citizenship.  See Siloam Springs Hotel, LLC v. Century Sur. Co., 781 F.3d at 1234;
Conagra Foods, Inc. v. Americold Logistics, LLC, 776 F.3d at 1180.  During the hearing,
Farmington Hotel identified that two of its members are Florida citizens, with a third deceased
member who also was a Florida citizen.  See Tr. at 4:24-5:4 (Callaway).  Marriott International
and Farmington Hotel have submitted an Affidavit confirming this assertion.  See Affidavit at 1.
The Florida citizenship of two of Farmington Hotel's members therefore makes Farmington Hotel
a Florida citizen for purposes of determining diversity jurisdiction.  See Siloam Springs Hotel,
LLC v. Century Sur. Co., 781 F.3d at 1234; Conagra Foods, Inc. v. Americold Logistics, LLC,
776 F.3d at 1180.  Accordingly, Florida citizens -- Boulanger and Farmington Hotel -- exist on
both sides of this dispute, destroying complete diversity of citizenship.  See McEntire v. Kmart

Corp., 2010 WL 553443, at *3.  Without diversity of citizenship, the Court lacks jurisdiction to hear this case.  Accordingly, the Court grants the MTD.[13]

**IT IS ORDERED** that: Defendants Marriott International, Inc. and Farmington Hotel Assets, LLC's Motion to Dismiss-Subject Matter Jurisdiction and Failure to State a Claim, filed May 13, 2021 (Doc. 10) is granted; (ii) this case is dismissed without prejudice; and (iii) the Court will enter Final Judgment separately.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Dathan Weems
Bridget J. Hazen
Weems Hazen Law LLC
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Timothy C. Callaway
Law Offices of Suzana Skrabo
London, Kentucky

   *Attorneys for Defendants Marriott International, Inc., and Farmington Hotel Assets, LLC*

---

[13]Because the Court lacks jurisdiction to hear this case, the Court does not consider Boulanger's claim on the merits.  See Brereton v. Bountiful City Corp., 434 F.3d 1213, 1217 (10th Cir. 2006)(citing Gold v. Local 7 United Food & Comm'l Workers, 159 F.3d 1307, 1311 (10th Cir. 1998))("[O]nce a court determines it lacks jurisdiction over a claim, it perforce lacks jurisdiction to make any determination of the merits of the underlying claim.").  Accordingly, the Court does not evaluate Marriott International and Farmington Hotel's alternative argument that the Court should dismiss the case under rule 12(b)(6) for a failure to state a claim.  See MTD at 4.